IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DEVIN CURT JOHNSON, SR.**                                           **PLAINTIFF**

**VERSUS**                                          **CIVIL ACTION NO. 1:07cv702-RHW**

**HARRISON COUNTY, MISSISSIPPI**
**SGT. BOBBY McCLEMORE and**
**OFFICER MARC LAWSON**                                  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court are [51] and [53] motions for summary judgment and qualified immunity filed, respectively, on November 25, 2008 by Defendant Bobby McCLEMORE, and on November 26, 2008 by Defendant Marc Lawson. Plaintiff's response to McClemore's motion [51] was due by December 12, 2008, and his response to Lawson's motion [53] was due by December 15, 2008,[1] but Plaintiff has neither responded, nor requested any extension of time to respond to either of the motions. Despite Plaintiff's lack of response, the Court must address the motions on the merits as they are dispositive in nature. Local Rule 7.2(C)(2).

Procedural History

On June 19, 2007, Devin Curt Johnson, Sr. filed this 42 U.S.C. § 1983 prisoner's civil rights lawsuit, claiming Officers Bobby McClemore and Marc Lawson violated his constitutional rights by using excessive force during an altercation at the Harrison County Adult Detention Center (HCADC) on May 22, 2007. Johnson was confined at the HCADC awaiting trial on a capital murder charge. At the February 27, 2008 omnibus/screening hearing in the matter, all

---

[1] Local Rule 7.2(C) and (D), *Uniform Local Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi.*

1

parties consented to jurisdiction by the U.S. Magistrate Judge [19] pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, and the case was reassigned to the undersigned for all purposes by order [30] entered February 28, 2008.

The Facts

It is undisputed that Sgt. McClemore removed the microwave from the B-block zone[2] because inmates had broken the rules and used it at night after lock down. At around 2:30 in the afternoon of May 22, 2007, McClemore came to the front exit door of the zone, and was talking to some of the inmates about the microwave. Devin Johnson approached Sgt. McClemore either during the latter's conversation with the other inmates, or after that conversation ended, and began his own efforts to get the microwave returned. McClemore's affidavit states that Johnson approached him swearing and telling him (McClemore) to get out of the zone, and that he (McClemore) told Johnson several times to step away from the door, but Johnson refused to comply. The situation degenerated as the two continued to have words. Johnson stated McClemore was angry, perhaps because Johnson had talked back to him. McClemore told Johnson to pack his things, that he was going to be taken to B-D lock-down for interfering with staff and refusing to comply with orders. Johnson objected, stating he had not done anything, and walked toward his bunk. McClemore told Johnson to get out into the hall, and walked behind Johnson out of the section into the sally port area. According to Johnson, McClemore pushed him into the wall, told him to put his hands up, pushed him to the other side of the wall to grab his arm and twisted his arm behind him to handcuff him. Johnson admits in his deposition that McClemore had told him to put his hands behind his back, and claims he got a "busted lip"

---

[2]According to the Plaintiff, B-block is the maximum security section of the HCADC. [53-2, p. 21]

2

and swollen jaw from being pushed into the wall by McClemore.[3] At this point, Deputy Marc Lawson appeared, and pepper-sprayed Johnson in the face, which, because of McClemore's proximity to Johnson, resulted in McClemore's being pepper-sprayed in the face, as well. [51-9, p. 6; 53-2, p. 71] Johnson testified that when Lawson arrived, McClemore had Johnson with one arm behind his back, the other on the wall, and his face against the wall. Handcuffs had been applied to only one of Johnson's hands at that time. [53-2, pp. 71-72] McClemore states, without contradiction, that the pepper spray so affected his eyes that he then backed away from Johnson. [51-2, p. 2]

Officer Marc Lawson states in his affidavit that he was in the B Block tower when he heard screaming and saw McClemore and Johnson in a physical altercation. There seems to be no dispute that the area where the incident took place was an open section, with the block doors open and everybody out, and that there were approximately 40 inmates in the section. [53-2, pp. 67-68], [53] Johnson testified that Lawson probably heard McClemore when he told the outside trustees to "shut the door, shut the door" and the trustees slammed the door. [53-2, p. 70] Lawson, seeing that all the inmates had potential access to McClemore, and seeing them gather around the fray, feared for McClemore's safety and the potential escalation of the disturbance into a riot. Lawson immediately radioed a signal 34, "Fight, officer involved," and ran downstairs to assist McClemore. [53-3] Lawson states he told Johnson to turn and stand against

---

[3]Johnson also testified when he went down to the floor, he broke his finger and busted his knee and mouth. [53-2, p. 34] The affidavit of Nurse Jerrid Boyette, who was called to examine Johnson immediately after the incident, states that she saw only a small scratch to his forearm, that she flushed his eyes from the pepper spray, and that Johnson voiced no further complaints of any other injuries including a busted lip, and the nurse observed no such injury. Johnson was seen by the nurse three times on the date of the incident, and once by the doctor, without complaints of a busted lip, and no such injuries were noted on any of these visits. His complaints, other than the burning eyes, were of right forearm and left elbow abrasion, right knee pain, and a finger injury. [51-12, pp. 1-2]

3

the wall with his hands behind his back [53-3], while Johnson testified that Lawson immediately, without warning, sprayed him with pepper spray, then began beating him in the face with the "mace can." [53-2, pp. 31, 69] Johnson stated someone was pulling him down, that he was going down when he got sprayed and could not see after being sprayed. He stated Lawson had him by the neck and was choking him as Johnson went down to his knee. [53-2, p. 33] Lawson admits he struck Johnson twice in the ribs in an attempt to get him under control. [53-3] It was not until four other officers (Gregory, Cramer, Lege, Taylor) arrived on the scene that officers completed handcuffing Johnson. Officer Cramer and Captain Taylor assisted Lt. Gregory in getting Johnson safely secured and in handcuffs. [51-4] Johnson conceded in his deposition that he does not think the officers set out to injure him, "It just happened." [51-9, p. 8; 53-2, p. 37].

<u>Summary Judgment Standard</u>

Summary judgment is appropriate where no genuine issue of material fact remains to be decided and the moving party is entitled to judgment as a matter of law.

> Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). On a motion for summary judgment, the Court must consider "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby,* 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986). Rule 56(e) provides in part:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading, rather, its response must–by affidavits or as otherwise provided in this rule–set out

4

> specific facts showing a genuine issue for trial. <u>If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.</u>

Fed. R. Civ. P. 56 (e)(2) (emphasis added). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fraire v. City of Arlington*, 957 F.2d 1268, 1273 (5th Cir.), *cert. denied*, 506 U.S. 973, 113 S. Ct. 462, 121 L. Ed. 2d 371 (1992).

The moving party must show the absence of a genuine issue of material fact by affidavit or other evidentiary materials. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511 n.2, 91 L.Ed.2d 265 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994); *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986). For the Court to find there are no genuine material factual issues, the Court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict for him. *Anderson v. Liberty Lobby,* 477 U.S. 242, 249-50, 106 S. Ct. at 2510-11 (1986).

If the movant meets his burden by proving the absence of a genuine issue of material fact, then "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994), *citing Celotex*, 477 U. S. at 325, 106 S. Ct. at 2553-54. The nonmovant cannot discharge this burden by referring to the mere allegations or denials of his pleadings, but must, either by submitting opposing evidentiary documents or by referring to evidentiary documents already in the record, set out specific facts showing that a genuine issue as to a material fact exists. See

*Celotex Corp. v. Catrett*, 477 U.S. at 324, 106 S.Ct. at 2553; *Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991); Fed. R.Civ. P. 56(e). If the nonmovant fails to present evidence showing a genuine issue of material facts exists, "the summary judgment motion must be granted." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Excessive Force

Inmates are protected from cruel and unusual punishment under the Eighth Amendment of the United States Constitution. To prove a violation under the Eighth Amendment, the Plaintiff must show that the defendants unnecessarily and wantonly inflicted pain on him. The issue here is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995, 998 (1992), citing *Whitley v. Albers*, 475 U.S. 312, 320-321, 106 S.Ct. 1078, 1084-1085 (1986). The determination of this issue involves a subjective analysis of the defendants and their state of mind at the time. To act "maliciously" means to intentionally do a wrongful act without just cause or excuse, with an intent to inflict injury or under circumstances that show an evil intent. Factors considered in determining whether a jail officer's action unnecessarily and wantonly inflicted pain on a prisoner include (1) the need for the application of force, (2) the relationship between the need and the amount of force used, (3) the extent of the injury suffered, (4) the threat reasonably perceived by the responsible officials, and (5) any efforts made to temper the forceful response. *Whitley v. Albers*, 106 S.Ct. at 1085. Applying these factors to the case at bar leads the Court to conclude that Plaintiff has failed to carry his burden of showing a genuine issue of material fact as to whether McClemore violated his constitutional rights.

It is undisputed that Johnson is the one who initiated the contact with Sgt. McClemore. Johnson acknowledges that McClemore was angry because Johnson talked back to him, and even states McClemore was getting upset while talking to the other inmates before Johnson approached him. There is no dispute that Johnson and McClemore had words, including cursing. Johnson alleges only that McClemore pushed him against the wall as he was trying to handcuff him, and the injuries Johnson claims to have sustained as a result of McClemore's actions consist only of a busted lip and swollen jaw, of which he did not complain and which were not noted in his three visits with the nurse and one visit with the doctor on the same day the incident occurred. The force used by McClemore was reasonable under the circumstances, as evidenced by the minor injuries sustained by Johnson. The evidence before the Court shows no malicious intent on the part of McClemore, and even Johnson does not think McClemore set out to cause him harm. The Court is therefore of the opinion that Plaintiff has failed to show a constitutional violation on his claim of excessive force against McClemore.

Johnson's allegations against Lawson are somewhat different, in that there was little or no interaction between Johnson and Lawson prior to Lawson's using the pepper spray and striking Johnson. However, Lawson was responding to an altercation that had already begun, and which he reasonably perceived to threaten the safety of McClemore as well as the security and safety of the jail – he feared a riot might ensue from the altercation between Johnson and McClemore. His actions were taken in a good faith effort to maintain or restore discipline in a potentially volatile situation. Again, the evidence before the Court does not show that Lawson acted maliciously or sadistically for the very purpose of harming Johnson, and as previously stated, Johnson's injuries

were minor. The Court therefore finds that Johnson has failed to establish his claim that Lawson's actions violated his constitutional rights.

## Qualified Immunity

Law enforcement officers are entitled to assert the defense of qualified immunity for all acts and omissions which occur in the course of their official duties. *Gagne v. City of Galveston*, 805 F.2d 558, 559 (5th Cir. 1986). The evidence before the Court clearly shows the officers were acting in the course of their official duties as McClemore attempted to restrain Plaintiff so he could be moved to a different section of the jail, and as Lawson, perceiving a threat to the safety of McClemore and potential escalation of the altercation between McClemore and Johnson, attempted to assist McClemore in restraining Johnson. While the Court is of the opinion that Plaintiff has failed to show the officers used excessive force, even if the evidence were sufficient to establish a constitutional violation, the Court would find the officers entitled to qualified immunity, because their conduct in this case was objectively reasonable under the circumstances.

The evidence presented to this Court shows that McClemore and Lawson acted in good faith as they attempted to restrain Johnson. Johnson has presented no evidence to show otherwise and has failed to carry his burden to negate the officers' qualified immunity defense. See, *Salas v. Carpenter*, 980 F.2d 299, 304 (5th Cir. 1992). Before the Court are the affidavits of five HCADC officers other than the Defendants.[4] All these affidavits state that Johnson was resisting being restrained. None of them states the Defendants used inappropriate force as they tried to get Johnson under control. "If reasonable public officials could differ on the lawfulness

---

[4] The affidavits are those of Officer Robert Ulmer [51-3]; Lt. Allan Cramer [51-4]; Capt. Elaine Lege [51-5]; Capt. Phil Taylor [51-6]; and Lt. Jacent Gregory [53-4].

of the defendant's actions, the defendant is entitled to immunity." *Id.*, 980 F.2d at 310 (citing *White v. Taylor*, 959 F.2d 539, 544 (5th Cir. 1992). It is therefore,

**ORDERED AND ADJUDGED**, that the Defendants' motions for summary judgment and qualified immunity are granted, and judgment shall be entered in favor of both Defendants.

SO ORDERED, this the 4th day of September, 2009.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE