IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DEVIN CURT JOHNSON, SR.**                                          **PLAINTIFF**

**VERSUS**                              **CIVIL ACTION NO. 1:07cv702-RHW**

**HARRISON COUNTY, MISSISSIPPI**                                 **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Before the Court is [62] the motion for summary judgment filed by Defendant Harrison County, Mississippi on March 16, 2010. Plaintiff's response to the motion was due on or before April 2, 2010. Plaintiff has filed no response, nor has he requested any extension of time to do so. Despite Plaintiff's lack of response, the Court will address the motion on the merits as it is dispositive in nature.

### Procedural History

On June 19, 2007, Devin Curt Johnson, Sr., filed this 42 U.S.C. § 1983 prisoner's civil rights lawsuit, claiming violation of his constitutional rights during a May 22, 2007 altercation with officers at the Harrison County Adult Detention Center (HCADC). Johnson was confined at the HCADC awaiting trial on a capital murder charge. At the February 27, 2008 omnibus/screening hearing in the matter, all parties consented to jurisdiction by the U.S. Magistrate Judge [19] pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, and the case was reassigned to the undersigned for all purposes by order [30] entered February 28, 2008.

## The Facts

It is undisputed that Sgt. Bobby McClemore removed the microwave from the B-block zone[1] because inmates had broken the rules and used it at night after lock down. At around 2:30 in the afternoon of May 22, 2007, McClemore came to the front exit door of the zone, and was talking to some of the inmates about the microwave. According to McClemore, Devin Johnson approached him swearing and telling him (McClemore) to get out of the zone. When Johnson refused to comply with McClemore's repeated orders to step away from the door and the two continued to have words, McClemore told Johnson to pack his things, that he was going to be taken to B-D lock-down for interfering with staff and refusing to comply with orders. Johnson objected, stating he had done nothing, and walked toward his bunk. McClemore told Johnson to get out into the hall, and walked behind Johnson out of the section into the sally port area.

Johnson claims McClemore pushed him into the wall, told him to put his hands up, pushed him to the other side of the wall to grab his arm, and twisted his arm behind him to handcuff him. Johnson admits in his deposition that McClemore told him to put his hands behind his back, and claims he got a "busted lip" and swollen jaw from being pushed into the wall by McClemore. McClemore was trying to handcuff Johnson and yelling at the outside trustees to shut the door because the area where the incident took place was an open section, with the block doors open and approximately 40 inmates out and converging on the scene of the struggle between McClemore and Johnson. [53-2, pp. 67-68]; [53]; [53-2, p. 70] Officer Lawson heard screaming and saw McClemore and Johnson in a physical altercation. Fearing for McClemore's safety and that a riot might ensue, Lawson immediately radioed for assistance, and

---

[1] According to the Plaintiff, B-block is the maximum security section of the HCADC. [53-2, p. 21]

ran downstairs to help McClemore. [53-3] Lawson sprayed pepper spray in Johnson's face. The spray also hit McClemore in the face and resulted in his backing off from the fray. [53-2, pp. 71-72; 51-9, p. 6; 53-2, p. 71; 51-2, p. 2] By memorandum opinion issued September 4, 2009, the Court granted Defendants McClemore and Larson's motions for summary judgment and qualified immunity, and dismissed the action as to those defendants.

As to Harrison County, Plaintiff's original complaint [1] states that Plaintiff made verbal complaints asking that McClemore and Lawson be charged with assault, and makes a conclusory allegation that Harrison County is doing everything to cover up the assault. The Court notes that and process was never ordered issued for Harrison County, perhaps because by the time the Court ordered that process be issued [13], Harrison County had already filed [7] an answer to the complaint. At the omnibus hearing, Johnson testified as to the County only that he felt the jail administration was not properly responding to his grievances regarding McClemore and Larson after the incident and during his preparations for filing this lawsuit. Also at the omnibus hearing, after agreeing to dismiss his medical claim, Johnson agreed that the only claim remaining was the excessive force claim against McClemore and Lawson.

## Summary Judgment Standard

Summary judgment is appropriate where no genuine issue of material fact remains to be decided and the moving party is entitled to judgment as a matter of law.

> Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). On

a motion for summary judgment, the Court must consider "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby,* 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986). Rule 56(e) provides in part:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading, rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial. <u>If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.</u>

Fed. R. Civ. P. 56 (e)(2) (emphasis added). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fraire v. City of Arlington*, 957 F.2d 1268, 1273 (5th Cir.), *cert. denied*, 506 U.S. 973, 113 S. Ct. 462, 121 L. Ed. 2d 371 (1992).

The moving party must show the absence of a genuine issue of material fact by affidavit or other evidentiary materials. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511 n.2, 91 L.Ed.2d 265 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994); *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986). To find there are no genuine material factual issues, the Court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict for him. *Anderson v. Liberty Lobby,* 477 U.S. 242, 249-50, 106 S. Ct. at 2510-11 (1986).

If the movant meets his burden by proving the absence of a genuine issue of material fact, then "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994), *citing Celotex*, 477 U. S. at 325, 106 S. Ct. at 2553-54. The nonmovant cannot discharge this burden by referring to the mere allegations or denials of his pleadings, but must, either by submitting opposing evidentiary documents or by referring to evidentiary documents already in the record, set out specific facts showing that a genuine issue as to a material fact exists. See *Celotex Corp. v. Catrett*, 477 U.S. at 324, 106 S.Ct. at 2553; *Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991); Fed. R.Civ. P. 56(e). If the nonmovant fails to present evidence showing a genuine issue of material facts exists, "the summary judgment motion must be granted." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Johnson's claim against the County is one of municipal liability, which requires proof of three elements: a policy maker, an official policy and a violation of constitutional rights whose "moving force" is the policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 578-580 (5th Cir. 2001). For the municipality to be held liable under § 1983, "the unconstitutional conduct must be directly attributable to the municipality through some sort of official action..." *Id.*, 237 F.3d at 578. As the United States Supreme Court stated in *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978):

> [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

Johnson has not even alleged the existence of an official policy or custom of Harrison County

which resulted in his injury. No evidence has been presented to establish any of the essential elements of a municipal liability claim. It is therefore,

**ORDERED AND ADJUDGED**, that the motion for summary judgment filed by Harrison County is granted, and judgment shall be entered accordingly.

SO ORDERED, this the 28th day of April, 2010.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE